**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
ADOLFO CORDERO,                           :
                                          :   Civ. No. 13-2023 (RBK) (AMD)
                    Plaintiff,            :
                                          :   **MEMORANDUM AND ORDER**
        v.                                :
                                          :
FNU RICKNAUER, et al.,                    :
                                          :
                    Defendants.           :
_____         :

Plaintiff is bringing this *pro se* civil rights action. Plaintiff previously paid the filing fee in this case. Plaintiff has now filed two motions for leave to proceed *in forma pauperis*. (*See* Dkt. Nos. 40 & 44.)

A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* L.Civ.R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

Plaintiff's applications to proceed *in forma pauperis* will be denied without prejudice. While plaintiff has submitted his prisoner account statement, he has not submitted the necessary

1

2

affidavit that should accompany his certified prisoner account statement.  *See* 28 U.S.C. § 1915(a)(2); *see also see also* L.Civ.R. 81.2(b).  Furthermore, while it appears that plaintiff has now been released from federal incarceration subsequent to the filing of his motions to proceed *in forma pauperis*, he would still need to file an affidavit showing that he is indigent even as a non-prisoner.  *See* 28 U.S.C. § 1915(a)(1); *see also Roy v. Penn Nat'l Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (collecting cases that state that while Section 1915 refers to prisoners, federal courts apply Section 1915 to non-prisoner *in forma pauperis* applications as well) (citations omitted).

    Accordingly, IT IS this  22nd  day of  April,  2015,

    ORDERED that plaintiff's motions for leave to proceed *in forma pauperis* (Dkt. Nos. 40 & 44.) are denied without prejudice.

    s/Robert B. Kugler
    ROBERT B. KUGLER
    United States District Judge